a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JERRIS BLANKS #45953044,<br>Plaintiff | CIVIL DOCKET NO. 5:21-CV-04031<br>SEC P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| S SALMONSON,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## ORDER OF TRANSFER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Jerris M. Blanks ("Blanks"). Blanks is a prisoner in the custody of the Federal Bureau of Prisons, housed at the Federal Correctional Institution in Texarkana, Texas ("FCI-Texarkana"). ECF No. 1 at 1. Blanks alleges that he was "unnecessarily exposed to COVID-19 and tuberculosis;" received inadequate health care; and Defendants were deliberately indifferent to his serious medical needs because of his conviction as a sex offender. ECF No. 1 at 4-7.

Although he filed on a § 2241 form, Blanks challenges the conditions of his confinement rather than its fact or duration. Therefore, his claims seemingly arise under *Bivens*[1] rather than § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (writ of habeas corpus provides a remedy for prisoners who challenge the "fact or

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

1

duration" of their confinement and seek "immediate release or a speedier release from that imprisonment"); *McBarron v. Jeter*, 243 F. App'x 857 (5th Cir. 2007) (prisoner's claims for deliberate indifference to serious medical needs would not entitle him to immediate relief if he prevailed upon them and were not cognizable in habeas corpus action).

Regardless of whether the claims are pursued under § 2241 or *Bivens*, they are not properly filed in this Court. A § 2241 petition must be filed in the district where the petitioner is imprisoned, which is not within this judicial district. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A *Bivens* claim is properly filed in the district where any defendant resides, if all the defendants reside in the same State, or where a substantial part of the events or omissions giving rise to the claim occurred, or where any defendant may be found, if there is no district where the action may otherwise be brought. *See Stafford v. Briggs*, 444 U.S. 527, 542–45 (1980); 28 U.S.C. § 1391. The incident complained of did not occur within this judicial district, and the Warden of FCI-Texarkana—the only named Defendant—is not located here.

Blanks is incarcerated at FCI-Texarkana, which is located in the Eastern District of Texas, Texarkana Division. The actions complained of allegedly took place at that facility. Therefore, whether the claim is proper pursuant to § 2241 or *Bivens*, it should be raised in the Eastern District of Texas.

The Court finds it in the interest of justice to transfer the case to the district of confinement and district where the allegations originate.

Therefore, IT IS HEREBY ORDERED that this case is TRANSFERRED to the United States District Court for the Eastern District of Texas, Texarkana Division for further proceedings. 28 U.S.C. §1406(a).

SIGNED on Tuesday, December 14, 2021

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE